UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NICHOLAS FALCONE,

    Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), by and through its undersigned counsel and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, hereby files this Notice of Removal to remove the above-captioned civil action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, *Miami* Division. The above-captioned civil State Court action is styled as *Nicholas Falcone v. GeoVera Specialty Insurance Company*, Case No.: 2020-017529-CA-01 ("State Court Action"). The grounds for removal of the State Court Action to this Honorable Court are as follows:

1. Plaintiff, NICHOLAS FALCONE, filed a two-count Complaint alleging breach of contract and seeking declaratory relief.  The allegations in the Complaint arise out of a claim for property damages located at 16670 SW 78th Place, Palmetto Bay, Florida 33157 ("the

subject property"), which is located in Miami-Dade County, Florida. Complete copies of PLAINTIFF'S Complaint ("Complaint"), Summons, and other documents served upon GEOVERA in the State Court Action, are collectively attached to this Notice of Removal as Composite Exhibit "A" pursuant to 28 U.S.C. Section 1446(a). To date, no order has been served upon GEOVERA in the State Court Action.

## JURISDICTIONAL BASIS

2. 28 U.S.C. Section 1332 permits removal of this action because: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

3. At all material times hereto, GEOVERA was and is a foreign (surplus lines insurance carrier) corporation, incorporated in Delaware, with its principal place of business in California. Therefore, GEOVERA resides in Delaware and California. See Exhibit "B" for a copy of the Affidavit of James Perfetti. Attached to Mr. Perfetti's affidavit is a copy of the website printout from the Florida Office of Insurance Regulation, identifying GEOVERA as a surplus lines carrier.

4. At all material times hereto, PLAINTIFF was a resident of Miami-Dade County, Florida. The Miami-Dade County Property Appraiser's website confirms that PLAINTIFF lives in Miami-Dade County, Florida. The Property Appraiser's website also shows that PLAINTIFF has been, and is currently receiving, homestead exemption benefits as a permanent resident of Florida pursuant to Art. VII, Section 6 of the Florida Constitution. A copy of the printout from the Miami-Dade County property appraiser's website is attached hereto as Exhibit "C." Florida Statute 196.012(17) defines permanent residence

as the "place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time."

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

5. GEOVERA insured the subject property under policy number GH70027484, which GEOVERA issued to Nicholas Falcone ("the Policy"). The policy is referenced in the Complaint. The subject property is the location of the alleged damages at issue in this suit for which PLAINTIFF seeks benefits under the Policy. Compl. ¶¶ 5, 7, and 20.

6. The Civil Cover sheet filed with the Complaint notes that the amount of the claim is $100,000.00. See Composite Exhibit "A." Specifically, the Civil Cover Sheet filed with the State Court Complaint asks the Plaintiff to "[p]lease indicate the estimated amount of the claim rounded to the nearest dollar." See Composite Exhibit "A." Therefore, based on Plaintiff's representation, the amount in controversy is clearly over $75,000.00. Thus, based on Plaintiff's representation, the amount in controversy is clearly over $75,000.00.

7. PLAINTIFF also seeks attorney's fees in the Complaint, which can be used in the calculation regarding the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (stating that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.") Plaintiff is seeking statutory attorney's fees in the Complaint, thus, said fees can be used in the calculation of the amount in controversy.

## REMOVAL TO FEDERAL COURT IS TIMELY

8. PLAINTIFF served his Complaint on GEOVERA on September 4, 2020. See Composite Exhibit "A."

9. Therefore, pursuant to 28 U.S.C. Section 1446, GEOVERA has timely filed this Notice of Removal within thirty (30) days of GEOVERA's receipt of the initial pleading.

10. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

11. Furthermore, PLAINTIFF filed the Complaint in Miami-Dade County Circuit Court based on where the subject property is located. Therefore, venue is proper in this district and division pursuant to 28 U.S.C. Section 1441.

WHEREFORE the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, respectfully requests that the civil action that Plaintiff, NICHOLAS FALCONE, filed in Miami-Dade County Circuit Court be removed to this Honorable Court, and that this Honorable Court accept jurisdiction of this action accordingly.

By:   /s/ Joseph A. Suarez
Josepha A. Suarez, Esq.
Florida Bar No. 0042530
jsuarez@chartwelllaw.com

**FLORIDA |MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA | RHODE ISLAND | TENNESSEE**

www.chartwelllaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed on the CM/ECF system and that the following will be served on: Daniel M. Ilani, Esq., Nicole S. Houman, Esq.; The Property People FL, P.A., Attorneys for Plaintiff; service@propertypeoplelaw.com; danny@propertypeoplelaw.com; nicole@propertypeoplelaw.com; on this 23rd day of September, 2020.

                                              THE CHARTWELL LAW OFFICES, LLP

                                              By:   */s/ Joseph A. Suarez*
                                                    Joseph A. Suarez, Esq.
                                                    Florida Bar No. 42530
                                                    jsuarez@chartwelllaw.com
                                                    100 SE 2nd Street, Suite 2150
                                                    Miami, FL 33131
                                                    Main:  (305) 372-9044
                                                    Fax:  (305) 372-5044

**FLORIDA | MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA | RHODE ISLAND | TENNESSEE**

www.chartwelllaw.com